U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2021 NOV 12 P 5: 29
CAROL L. MICHEL
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**FELONY**

INDICTMENT FOR CONSPIRACY TO COMMIT ACCESS DEVISE FRAUD
AND ACCESS DEVICE FRAUD

**21-0141**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. |
| v. | * | SECTION: **SECT. M MAG. 4** |
| JONATHAN ORPILLA SINLAO | * | VIOLATIONS: |
| | * | 18 U.S.C. § 1029(a)(5) |
| | * | 18 U.S.C. § 1029(b)(2) |
| | * | 18 U.S.C. § 1029(c)(1)(A)(ii) |
| | * | |

\* \* \*

The Grand Jury charges that:

### COUNT 1

**A. AT ALL TIMES MATERIAL HEREIN:**

1. The defendant, **JONATHAN ORPILLA SINLAO ("SINLAO")** was a national of the Philippines who resided in California.

2. The Home Depot Inc. ("Home Depot") was a home improvement retailer headquartered in Atlanta, Georgia with stores across North America.

Fee____USA
Process____
X Dktd____
____ CtRmDep____
____ Doc. No.____

3. Home Depot offered consumer credit cards that customers could use to purchase products from any Home Depot location.

4. When a customer first opened a Home Depot consumer credit account, he or she could obtain a paper document containing a bar code ("temporary Home Depot charge pass") to purchase products from any Home Depot location until the plastic credit card ("permanent Home Depot credit card") was mailed to the customer.

5. Temporary Home Depot charge passes and permanent Home Depot credit cards were backed by Citibank.

6. Both the temporary Home Depot charge passes and the permanent Home Depot credit cards had a sixteen-digit credit card number ("Home Depot credit card number") printed on them.

7. The term "access device" means any card, plate, code, account number, electronic serial number, personal identification number, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument).

**B.   THE CONSPIRACY**

Beginning at a time unknown but not later than February 2019, and continuing until at least July 2019, in the Eastern District of Louisiana and elsewhere, the defendant, **JONATHAN ORILLA SINLAO**, and others known and unknown to the Grand Jury, did knowingly intentionally combine, conspire, confederate, and agree, in a manner affecting interstate commerce, and with the intent to defraud, to effect transactions with 1 or more access devices issued to another person or persons, to obtain things of value worth an aggregate of $1,000.00 or

2

more within a one-year period, in violation of Title 18, United States Code, Section 1029(a)(5) and 1029(c)(1)(A)(ii).

## C. SCHEME AND ARTIFICE

1. It was part of the scheme and artifice to defraud that **SINLAO** conducted over $300,000 in transactions from Home Depot locations, including in Louisiana, Florida, Texas, Arizona, California, New York, and Oklahoma, using access devices issued to other persons, specifically Home Depot credit card numbers that were not issued to **SINLAO**.

2. It was further part of the scheme and artifice to defraud that **SINLAO** often used temporary Home Depot charge passes containing **SINLAO's** name and sixteen-digit Home Depot credit card numbers that were not issued to **SINLAO**.

3. It was further part of the scheme and artifice to defraud that, during the transactions, **SINLAO** generally would provide the Home Depot cashier with a six-digit pin number to authorize the transactions.

4. It was further part of the scheme and artifice to defraud that, during the transactions, **SINLAO** often would provide the Home Depot cashier with his own driver's license and/or driver's license number.

5. It was further part of the scheme and artifice to defraud that, during the transactions, **SINLAO** would use Home Depot credit card numbers that were not issued to him to purchase gift cards and/or items, including Ring, Nest, and Google Home products and power tools.

6. It was further part of the scheme and artifice to defraud that **SINLAO** and his co-conspirators would sometimes conduct separate transactions using the same Home Depot credit card numbers that were not issued to them.

3

7.  It was further part of the scheme and artifice to defraud that **SINLAO** and his co-conspirators sometimes would conduct transactions at Home Depot stores located in the same geographic area and/or around the same time period as one another, using the same Home Depot credit card numbers that were not issued to them.

## D.  OVERT ACTS

1.  On or about April 23, 2019, Co-Conspirator 1 conducted a transaction using a Home Depot credit card number ending in x2388, issued to D.D., at a Home Depot store located at 1100 South Claiborne Ave., New Orleans, Louisiana, to receive items of an approximate value of $1,822.60.

2.  On or about April 24, 2019, **SINLAO** conducted a transaction using a Home Depot credit card number ending in x2388, issued to D.D., at a Home Depot store located at 5151 Citrus Boulevard, Harahan, Louisiana, to receive items of an approximate value of $4,676.55.  During this transaction, **SINLAO** purchased a Home Depot gift card ending in x5448.

3.  On or about April 24, 2019, **SINLAO** sold a Home Depot gift card ending in x5448, with a balance of $2,000, to a pawn shop in Metairie, Louisiana, for approximately $1,000.00.

4.  On or about April 25, 2019, Co-Conspirator 1 conducted a transaction using Home Depot credit card number x1229, issued to G.S., at a Home Depot store located at 1100 South Claiborne, New Orleans, Louisiana, to receive items of an approximate value of $1,063.12.

5.  On or about April 25, 2019, **SINLAO** conducted three transactions using a Home Depot credit card number ending in x1229, issued to G.S., at Home Depot stores at 5151 Citrus Boulevard, Harahan, Louisiana and at 2625 Veterans Boulevard, Kenner, Louisiana, to receive items of an approximate aggregate value of $9,095.47.

4

6. On or about May 24, 2019, at approximately 2:46 P.M., **SINLAO** conducted two transactions using a Home Depot credit card number ending in x2115, issued to A.E., at a Home Depot store located at 500 North 1-35 East, Lancaster, Texas, to receive items of an approximate aggregate value of $5,661.58.

7. On or about May 24, 2019, at approximately 2:52 P.M., Co-Conspirator 2 conducted a transaction using a Home Depot credit card number ending in x9806, issued to E.P, at a Home Depot store located at 500 North 1-35 East, Lancaster, Texas, to receive items of an approximate value of $1,228.83.

8. On or about May 24, 2019, at approximately 2:56 P.M., **SINLAO** and Co-Conspirator 2 departed the Home Depot store located at 500 North 1-35 East, Lancaster, Texas, in the same vehicle.

9. On or about July 4, 2019, **SINLAO** went into a Home Depot store located at 6720 N.W. Expressway, Oklahoma City, Oklahoma, and conducted a transaction of an approximate value of $4,544.87 using a Home Depot credit card number ending in x4427, issued to H.B. Moments later, **SINLAO** unsuccessfully attempted to conduct another transaction using another Home Depot credit card number not issued to him.

All in violation of Title 18, United States Code, Section 1029(b)(2).

### COUNTS 2-8

**A.  AT ALL TIMES MATERIAL HEREIN:**

The allegations in Section A of Count 1 are incorporated as though fully set forth herein.

**B.  ACCESS DEVICE FRAUD**

On or about the dates listed below, in the Eastern District of Louisiana and elsewhere, the defendant, **JONATHAN ORPILLA SINLAO,** knowingly and with the intent to defraud, effected transactions with access devices, specifically Home Depot credit card numbers not issued to him,

5

to receive things of value from Home Depot stores worth an aggregate of $1,000.00 or more, during the one-year period between on or about January 1, 2019 and on or about December 31, 2019, said conduct affecting interstate and foreign commerce:

| COUNT | DESCRIPTION |
| --- | --- |
| 2 | April 22, 2019, **SINLAO** effected a transaction in New Orleans, Louisiana, with a Home Depot credit card number ending in x2979, issued to K.D., to receive things of value worth approximately $1,068.57. |
| 3 | April 22, 2019, **SINLAO** effected a transaction in Gretna, Louisiana, with a Home Depot credit card number ending in x2979, issued to K.D., to receive things of value worth approximately $2,172.46. |
| 4 | April 24, 2019, **SINLAO** effected a transaction in Harahan, Louisiana, with a Home Depot credit card number ending in x2388, issued to D.D., to receive things of value worth approximately $4,676.55. |
| 5 | April 24, 2019, **SINLAO** effected a transaction in Harahan, Louisiana, with a Home Depot credit card number ending in x2388, issued to D.D., to receive things of value worth approximately $5,000.00. |
| 6 | April 25, 2019, **SINLAO** effected a transaction in Harahan, Louisiana, with a Home Depot credit card number ending in x1229, issued to G.S., to receive things of value worth approximately $3,095.47. |
| 7 | April 25, 2019, **SINLAO** effected a transaction in Harahan, Louisiana, with a Home Depot credit card number ending in x1229, issued to G.S., to receive things of value worth approximately $4,000.00. |
| 8 | April 25, 2019, **SINLAO** effected a transaction in Kenner, Louisiana, with a Home Depot credit card number ending in x1229, issued to G.S., to receive things of value worth approximately $2,000.00. |

All in violation of Title 18, United States Code, Sections 1029(a)(5) and (c)(1)(A)(ii).

### NOTICE OF ACCESS DEVICE FRAUD FORFEITURE

1. The allegations of Counts 1 through 8 of this Indictment are realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America.

2. As a result of the offenses alleged in Counts 1 through 8, the defendant, **JONATHAN ORPILLA SINLAO,** shall forfeit to the United States pursuant to Title 18, United

States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to said offenses.

3. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2) and Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

FOREPERSON

DUANE A. EVANS
UNITED STATES ATTORNEY

MARIA M. CARBONI
Assistant United States Attorney

New Orleans, Louisiana
November 12, 2021

7

FORM OBD-34

No. _____

# UNITED STATES DISTRICT COURT

Eastern _District of_ Louisiana

Criminal _Division_

## THE UNITED STATES OF AMERICA

vs.

## JONATHAN ORPILLA SINLAO

## INDICTMENT FOR CONSPIRACY TO COMMIT ACCESS DEVICE FRAUD AND ACCESS DEVICE FRAUD

**VIOLATIONS:** 18 U.S.C. § 1029(a)(5),
18 U.S.C. § 1029(b)(2),
18 U.S.C. § 1029(c)(1)(A)(ii)

A true bill.

_____
Foreperson

Filed in open court this _____ day of _____ A.D. 2021.

_____
Clerk

Bail, $ _____

_____
MARIA M. CARBONI
Assistant United States Attorney